# EXHIBIT "A"

Nicholas P. Scutari, Esq. 025601993
1508 East St. Georges Avenue
Linden, NJ 07036
(908) 925-1956
Attorneys for Plaintiff

| | |
|---|---|
| CESAREA MERCADO : | SUPERIOR COURT OF NEW JERSEY |
|  | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, : | DOCKET NO.: MID-L-4678-18 |
| Vs. : |  |
|  | *Civil Action* |
| WALMART, ET AL : |  |
|  | **SUMMONS** |
| Defendant(s). : |  |

*Walmart*

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey, 08625, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call the Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free at 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state). The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (908) 353-4715, Legal Aid and Legal Services Office (908) 354-4340.

Dated: August 6, 2018                                /s/ *Michelle M. Smith*
                                                                 Clerk of the Superior Court

Name of Defendant to be served: Walmart
Address for service: 360 US Highway 9 North, Woodbridge, NJ 07095

MID-L-004678-18   08/06/2018 11:04:51 AM   Pg 1 of 5   Trans ID: LCV20181358895

Nicholas P. Scutari, Esq. 025601993
1508 E. St. Georges Avenue
Linden, NJ 07036
(908) 925-1956
Attorneys for Plaintiff

| | | |
|---|---|---|
| **CESAREA MERCADO** | : | SUPERIOR COURT OF NEW JERSEY |
| | | LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiff, | : | |
| Vs. | : | *Civil Action* |
| **WALMART and JOHN DOES 1-10** unknown Entities and/or Individuals responsible for the accident in question: | : | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR INSURANCE INFORMATION, NOTICE TO PRODUCE, DEMAND FOR ANSWERS TO INTERROGATORIES. |
| Defendant. | : | |

Plaintiff, **CESAREA MERCADO** of Perth Amboy, New Jersey, by way of complaint against the defendants, says:

## FIRST COUNT

1. On or about the 3rd day of September 2016 the plaintiff **CESAREA MERCADO** was legally and lawfully upon premises of the defendant **WALMART** located at 360 US Highway 9 North in the Township of Woodbridge, County of Middlesex, State of New Jersey.

2. As a direct and proximate cause of the negligence of the defendants in the manner in which said premises were owned, operated, controlled, constructed, repaired, maintained and inspected, the plaintiff was caused to sustain severe injuries; she was caused to suffer great pain and anguish and will in the future continue to endure great pain and suffering; she was caused to incur medical expenses and will in the future continue to incur medical expenses.

**WHEREFORE**, plaintiff **CESAREA MERCADO** hereby demands judgment against the defendants jointly, severally or in the alternative for damages together with counsel fees and costs of suit.

## SECOND COUNT

1. The plaintiff, **CESAREA MERCADO** repeats the allegations contained in the First Count as if the same were more fully set forth herein and made a part hereof.

2. The plaintiff herein alleges that there was a breach of regulations that constitutes a statutory tort.

**WHEREFORE**, the plaintiff **CESAREA MERCADO** demands judgment against the defendants jointly, severally or in the alternative for the costs of suit.

## THIRD COUNT

1. The plaintiff, **CESAREA MERCADO** repeats the allegations contained in the First and Second Count as if the same were more fully set forth herein and made a part hereof.

2. Defendants, **JONH DOES 1-10** (names unknown) being individuals or entities who were responsible for the ownership, operation, maintenance, control, supervision and/or repair of the subject vehicle, were negligent in the manner in which the said vehicle was owned, operated, maintained, controlled, supervised and/or repaired.

3. As a direct and proximate result of the negligence of defendants, **JOHN DOES 1-10** (names unknown), the plaintiff, **CESAREA MERCADO** was caused to suffer injuries; she was caused to suffer great pain and will be caused to suffer great pain in the future; she was caused to incur medical expenses and will be caused to incur medical expenses in the future; and she was caused to suffer permanent injury.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly, severally or in the alternative for damages, interest, plus costs of suit on this Count.

## JURY DEMAND

**PLEASE TAKE NOTICE** that the plaintiff, pursuant to R. 4:35-1, demands a trial by jury as to all issues.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to Rule 4:17-1, the plaintiff hereby demands answers to Uniform

Interrogatories Form C Personal Injury Interrogatories and Uniform Interrogatories Form C (2) of all defendants within the time prescribed by the Rules of Court.

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to Rule 4:10-2 (b), demand is hereby made that defendants disclose to plaintiff's attorney whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment and provide plaintiff's attorney with true copies of such insurance agreements or policies including but not limited to, any and all declaration sheets. This demand shall be deemed to include and cover not only primary coverage but also any and all excess, catastrophe and umbrella policies.

### NOTICE TO PRODUCE

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within thirty (30) days as prescribed by the Rules of Court. Additionally, please be advised that the following request are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page there from.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property

damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action,

any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise related to the incident in question or any potential defense to the action in qu4estion.

7. Copies of any and all discovery received from any other parties to the action in question.

8. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

9. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

11. Plaintiff objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the

MID-L-004678-18   08/06/2018 11:04:51 AM   Pg 5 of 5   Trans ID: LCV20181358895

defense examination.

12. Any and all social media information concerning the plaintiff including but not limited to Facebook, Instagram, Twitter, YouTube, blogs or any other World Wide Web information the defendant intends on relying upon.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that attorney, **NICHOLAS P. SCUTARI, ESQUIRE**, is hereby designated as trial counsel in the above captioned litigation, pursuant to R. 4:25-4.

Attorney for Plaintiff

DATED: August 2, 2018

NICHOLAS P. SCUTARI

### CERTIFICATION PURSUANT TO R. 4:5-1

I, **NICHOLAS P. SCUTARI**, of full age, do hereby certify:

1. I am an attorney at law of the State of New Jersey, and attorney for the plaintiffs in the above-captioned matter.

2. To the best of my knowledge, information and belief there is no other action pending about the subject matter of this Complaint in any Court or arbitration proceeding.

DATED:   August 2, 2018

NICHOLAS P. SCUTARI

MID-L-004678-18   08/06/2018 11:04:51 AM   Pg 1 of 1   Trans ID: LCV20181358895

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-004678-18**

Case Caption: MERCADO CESAREA VS WALMART
Case Initiation Date: 08/06/2018
Attorney Name: NICHOLAS P SCUTARI
Firm Name: NICHOLAS P. SCUTARI
Address: 1508 E ST GEORGES AVE
LINDEN NJ 07036
Phone:
Name of Party: PLAINTIFF : Mercado, Cesarea
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: PERSONAL INJURY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Hurricane Sandy related? NO
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
  If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/06/2018
Dated

/s/ NICHOLAS P SCUTARI
Signed